MOREHEAD *et al.*, Overseers of the Poor, *v.* BROWN.

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

JUSTICES OF THE PEACE—SUFFICIENCY OF VERDICT.

In an action in a justice's court, for penalties for violation of the excise laws, a verdict was rendered in the following form, "We finde the defende $100 dollars;" and subsequently verbally explained by the jury to the court, and then expressed in writing, "We finde the defende of two offenses, fifty dollars each." *Held,* that the verdict should not be set aside, on appeal, as too uncertain and irregular to support a judgment. LEARNED, P. J., dissenting.

Appeal from Ulster county court.

Action by John Morehead and another, overseers of the poor of the town of Marlborough, against Charles Brown, to recover penalties for violations of the excise law (Laws N. Y. 1857, c. 628, § 14) by the sale of hard cider without a license. At the trial in the justice's court, evidence was admitted, against defendant's objection, of a fight between the purchaser of the cider and a third person, shortly after the purchase. Defendant moved for a nonsuit, on the ground that "hard cider" is not within the meaning of the statute prohibiting the sale of "strong and spirituous liquors" without license, but the motion was denied by the justice. The verdict of the jury, as first rendered, was, "We finde the defende $100 dollars." This verdict was not entered in the minutes, but, at the request of plaintiffs' attorney, the court asked them to again retire and correct their verdict. At this request the foreman of the jury stated to the justice, in open court, as follows: "We find the defendant for two offenses, and supposed when we expressed the amount the court would know we meant two offenses." At the request of the court, the jury again retired for the purpose of correcting their verdict, and returned after a short deliberation, with the following verdict: "We finde the defende for two offenses, fifty dollars each." The court thereupon entered judgment for the plaintiffs, and against the defendant, for $100 damages, and $21.30 costs. Plaintiffs appeal from a judgment of the county court, reversing the judgment of the justice.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*E. Dayton,* for appellants. *C. M. Woolsey,* (*Howard Chipp,* of counsel,) for respondent.

LANDON, J. I think the judgment of the justice's court was right upon the merits, and that the errors complained of did not prejudice the defendant. Code Civil Proc. § 3063. The verdict was in writing, and accords with the illiteracy which is often an accepted test of the impartiality of jurors. The practice of requiring a verdict in writing is not prescribed by law, and, if technical inaccuracy is to be made a pretext for setting it aside, cannot be too vigorously condemned. I advise a reversal of the judgment of the county court.

MAYHAM, J., concurs.

LEARNED, P. J., (*dissenting.*) This is an appeal from a judgment of the county court reversing a judgment recovered by plaintiffs before a justice of the peace for $100 and costs. The action was brought to recover penalties amounting to $200 for four alleged violations of section 14, c. 628, Laws 1857, (excise law.) The alleged violations were the selling of hard cider without a license. The action is penal, and the defendant is entitled to have the matter tried in a due and legal manner. The evidence given, against defendant's objection, by the witness Tanner, that his brother-in-law and Elmendorf fought together when they got back in the woods, was plainly improper. It was not shown that they fought because they were intoxicated, and it was no evidence of the intoxicating quality of the cider. The evidence that other complaints had been made about defendant was improper. The jury brought in a written verdict: "We finde the defende $100 dollars." Plaintiffs' counsel requested that the jury retire and make their verdict more explicit. They attempted to state their verdict, and said: "We find the defendant of two offenses, and supposed when we expressed the amount the court would know we meant two offenses." Defendant's counsel requested that the written verdict be entered, and the jury discharged. The court directed the jury to retire and correct their verdict. They did so, and brought in: "We finde the defende of two offenses, fifty dollars each." I think that this was not such a verdict as justified the rendition of a judgment of $100 thereon in favor of the

plaintiff. I can, of course, conjecture what the jury meant; and I understand the power of courts to correct verdicts in respect to form. But I think this verdict too defective to stand. It seems as if the jury might have thought that they could "fine" the defendant. But, whatever were their thoughts, they did not succeed in expressing them in a manner to justify a judgment in favor of plaintiffs. The judgment of the county court should be affirmed, with costs.